IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAMES LOGAN, § | | |
| Reg. No. 05951-090, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | | EP-18-CV-12-KC |
| § | | |
| J. SCOTT WILLIS, Warden, § | | |
|    Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

James Logan, a federal prisoner with a projected release date of February 2, 2019, petitions the Court under 28 U.S.C. § 2241 to intervene in his behalf and order Respondent J. Scott Willis "to forthwith place [him] into the Residential Re-Entry Center (RRC)" for the full twelve months permitted by the Second Chance Act. Pet'r's Pet. at 1, ECF No. 1. Logan claims he "successfully completed" the Residential Drug Abuse Program on April 19, 2017, but Willis approved only a ten-month RRC placement. Id. at 2, 3. Logan suggests this "abuse of discretion and bad faith . . . weigh heavily in favor of the court waiving the requirement" that he exhaust his administrative remedies. Id. at 3, 4, 5.

**FILING FEE**

Logan failed to pay the $5.00 filing fee or submit an application to proceed in forma pauperis. Since Willis approved RRC placement to begin for Logan on April 4, 2018, and because time is of the essence, the Court will permit Logan to proceed without prepaying costs or fees.

**APPLICABLE LAW**

A writ of habeas corpus under 28 U.S.C. § 2241 provides the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243 (2012).

**ANALYSIS**

**A. Exhaustion**

An initial issue a court must address when screening a § 2241 petition is whether the petitioner has exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). A petitioner seeking habeas relief must first exhaust all administrative remedies that might provide appropriate relief. *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," which the petitioner bears the burden to establish. *Id.*

Logan's RRC placement was approved by Willis on July 1, 2017. Referral for RRC Placement 1, ECF No. 1-1. Logan delayed filing his petition for over six months until January 11, 2018. Logan provides nothing—other than his conclusory statement that Willis abused his discretion and acted in bad faith—to show the type of extraordinary circumstances needed to justify his failure to exhaust his administrative remedies. Dismissal is warranted on that basis

alone. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies). Moreover, even if Logan had exhausted his administrative remedies, the Court would not grant him relief.

### B. Authority of the Bureau of Prisons to Place Inmates

The Court notes that two statutes govern the Bureau of Prison's ("BOP's") discretion to place an inmate. The first statute, 18 U.S.C. § 3621(b), grants the BOP the authority and discretion to designate the place of confinement. Under § 3621(b), the BOP:

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b) (2012). In making this determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission[.]" *Id.*

The second statute, the Second Chance Act, Pub. L. 110–199, 122 Stat. 692 (Apr. 9, 2008), directs "a shift from policing those on parole to rehabilitating them" and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). The Act authorizes funding for drug treatment, job training and placement, educational services, and other services or support needed to rehabilitate prisoners and reduce recidivism. *Id.*

The Act also addresses RRC placement and home confinement. 18 U.S.C. § 3624(c) (2012). Relevant to the instant petition, the Act modifies 18 U.S.C. § 3624(c) to grant BOP staff the discretion to place a prisoner in a community corrections facility for up to twelve months, instead of limiting that time to six months as permitted by the prior law. *Id.* The Act also directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6).

The BOP adopted regulations implementing the Second Chance Act, codified at 28 C.F.R. §§ 570.20–.22, effective October 21, 2008. Both the statute and the regulations instruct the BOP to make a determination on the amount of time a prisoner should spend in residential reentry center "on an individual basis." *Id*.; 28 C.F.R. § 570.22.

The Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular prison. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner,* 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

The Attorney General, and by delegation the BOP, has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971).

"[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[1]

Moreover, a petitioner complaining about a BOP assignment is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir.1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *accord Nativi–Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir.2003); *see also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003) ("Since discretionary relief is a privilege . . ., denial of such relief cannot violate a substantive interest protected by the Due Process clause."); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

Thus, the BOP has exclusive authority and discretion to determine if and when to assign an inmate to a residential reentry program or home confinement. A recommendation from the Court would likely have little or no influence the BOP's decision to place an inmate in a residential reentry center or home confinement.

---

[1] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

## CONCLUSIONS AND ORDERS

Accordingly, the Court finds that Logan has not only failed to exhaust his administrative remedies, but also has no constitutional or statutory right to placement in a residential reentry center. The Court accordingly concludes it appears from the face of Logan's petition that he is not entitled to § 2241 relief.

The Court, therefore, enters the following orders:

**IT IS ORDERED** that James Logan is **GRANTED** leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that James Logan's "Petition for a Writ of Habeas Corpus" and civil cause are **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this 2nd day of February, 2018.

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**